UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONOMA COUNTY ASSOCIATION
OF RETIRED EMPLOYEES,

       Plaintiff,

                              CASE NO. 2:14-MC-51135
                              JUDGE SEAN F. COX
                              MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

SONOMA COUNTY,

       Defendant.

_____/

### ORDER DEEMING RESOLVED IN PART AND DENYING IN PART NON-PARTY GRSC'S MOTION TO QUASH SUBPOENA OF PLAINTIFF SCARE (Doc. Ent. 1)

**A.    Background**

The matter currently before this Court is born of a lawsuit filed on September 22, 2009 by the Sonoma County Association of Retired Employees (SCARE) against Sonoma County. *See* Case No. 4:09-cv-04432-CW (N.D. Ca.).[1] On May 13, 2013, SCARE filed a second amended complaint which lists thirteen (13) claims for relief, such as breach of contract, breach of the covenant of good faith and fair dealing, impairment of contract, promissory estoppel and due process.

On July 29, 2014, Judge Wilken entered a stipulated protective order with regard to disclosure and discovery. Pursuant to Judge Wilken's October 2, 2014 order, SCARE's dispositive motion is due on February 26, 2015.

---

[1] Although not appearing in the instant matter, defendant Sonoma County is represented by attorneys Raymond F. Lynch, Stephen B. Peck, Batya F. Forsyth and Matthew Joseph Peck of Hanson Bridgett LLP in the California case.

**2.** On or about July 9, 2014, SCARE subpoenaed non-party Gabriel, Roeder, Smith & Company (GRSC) at its corporate headquarters in Southfield, Michigan[2] to produce documents, information, or objects or to permit inspection of premises in a civil action. Doc. Ent. 1-3. GRSC describes itself as "a non-party movant that previously provided actuarial services to defendant Sonoma County relative to the county's healthcare benefits." Doc. Ent. 1 ¶ 3.

GRSC objected to the subpoena on or about July 22, 2014. Doc. Ent. 1-4. Then, by a letter dated August 19, 2014, SCARE responded to GRSC's objection. Doc. Ent. 1-5.

**B.    Instant Motion**

**1.** On August 21, 2014, non-party GRSC filed a motion to quash SCARE's subpoena. Doc. Ent. 1. Specifically, GRSC argues that (a) "the subpoena fails to allow a reasonable time to comply[;]" (b) "the subpoena seeks documents and information that are privileged/confidential[;]" (c) "the subpoena is vague, ambiguous, and overbroad[;]" and (d) "compliance with the subpoena would be unduly burdensome[.]" Doc. Ent. 1 at 7-12. In sum, GRSC requests that the Court:

> . . . grant its motion to quash the Subpoena of SCARE or, in the alternative, modify the Subpoena to provide for 1) an adequate time for compliance, 2) a more meaningful description of the documents requested, 3) an indication that any sensitive documents produced may be redacted and/or will be subject to a protective order, and 4) monetary compensation for the substantial time and efforts that will likely be required for compliance with the Subpoena.

Doc. Ent. 1 at 12-13.

On September 10, 2014, SCARE filed a response. It is SCARE's position that (a)

---

[2]*See* www.gabrielroeder.com.

"SCARE does not seek production of protected health information[;]"[3] (b) it is willing to work with GRSC to determine a reasonable production timeframe; (c) "the subpoeana is not unduly burdensome[;]" and (d) GRSC's motion is untimely. Doc. Ent. 4 at 3-5.[4]

**2.** GRSC and SCARE have filed statements of resolved and unresolved issues. According to GRSC, the unresolved issues are:

> (1) Whether GRS, as a nonparty to SCARE's California action, must subsidize the costs of SCARE's litigation (the outcome of which GRS does not have an interest in) or whether SCARE must compensate GRS for the time and efforts necessitated by SCARE's subpoena (which requires review and protection of sensitive health and other confidential information by the GRS employee most familiar with the Sonoma County files to ensure that privileged/protected information relative to Sonoma County or other unrelated accounts is not disclosed).
>
> (2) Whether, and to what extent, GRS must search and review ESI [electronically stored information] for "responsive" non-actuarial-study information.
>
> (3) The applicable timeframe for review and production of documents.

Doc. Ent. 7.

In response, SCARE (1) seeks payment of "$450 per hour for a GRS senior analyst to review the contents of the boxes prior to SCARE's on-site inspection and $285 per hour for an associate to supervise the inspection[;]" (2) SCARE seeks to know "whether there is any ESI that is responsive to the subpoena and is not actuarial studies, such as emails with Sonoma

---

[3]Within this argument, SCARE explains: "To be clear, SCARE is not seeking any documents pertaining to GRS's work for the Sonoma County Employees Retirement Association ("SCERA"), the Sonoma County pension plan, which would be more likely to include Social Security numbers. Documents indicate that GRS has performed actuarial valuation services for SCERA, but these services are not relevant to the retiree medical dispute between SCARE and the County." Doc. Ent. 4 at 3 n.1.

[4]On the same date, SCARE filed the declaration of Darin Ranahan. Doc. Ent. 5.

County[;]" and (3) "wishes to complete its on-site inspection of the GRS documents by December 15, 2014[,]" considering its February 26, 2015 dispositive motion deadline. Doc. Ent. 8.

**C.     Discussion**

Judge Cox has referred this motion to me for hearing and determination. Doc. Ent. 2. An in person hearing was noticed for November 19, 2014. Doc. Ent. 6. However, it was later renoticed for a telephonic hearing. Doc. Ent. 10.

On the date set for hearing, attorneys Teresa Renaker (CA) and James F. Hunt appeared by telephone. Counsel for GRSC sought compensation for efforts required to accomplish the task of responding to SCARE's subpoena and also mentioned that there has been co-mingling of SCARE and SCERA pension documents.

On the other hand, counsel for SCARE stated that the purpose of the on-site attorney inspection at GRSC's Denver, Colorado facility is to avoid expense to GRSC. SCARE's counsel proposed that GRSC review only those documents which SCARE tags for production.

Having considered the aforementioned motion papers and the oral arguments of counsel for the parties, I conclude that non-party GRSC's motion to quash subpoena of plaintiff SCARE (Doc. Ent. 1), as narrowed by the parties' statements of resolved/unresolved issues (Doc. Entries 7 and 8), should be denied.

**D.     Order**

GRSC's motion to quash (Doc Ent. 1) is DEEMED MOOT IN PART. Specifically, the parties have agreed that GRSC need not produce actuarial studies; SCARE will be permitted to review and request copies of boxes of paper documents gathered from storage locations around

the country at GRSC's Denver, Colorado facility in the presence of a representative of GRSC; and SCARE will pay the cost of shipping boxes to GRSC's Denver location.

However, consistent with my ruling from the bench, GRSC's motion to quash (Doc. Ent. 1), as narrowed by the parties' statements of resolved/unresolved issues (Doc. Entries 7 and 8), is DENIED. Specifically, I decline to order SCARE to compensate GRSC for the time and efforts necessitated by SCARE's subpoena, such as to review the contents of the boxes prior to SCARE's on-site inspection or to supervise the inspection.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: November 19, 2014	s/ Paul J. Komives
	PAUL J. KOMIVES
	UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 19, 2014, electronically and/or by U.S. Mail.

	s/Michael Williams
	Case Manager for the
	Honorable Paul J. Komives

5